Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **James Riley Johnson, Jr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION**

Case number: 25-50114-JRS
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
3.5

# Second Amended Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Debtor **James Riley Johnson, Jr.**                                            Case number _____

Check one:   ☐ 36 months   ☑ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$2,240.00** per **Month** for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

**§ 2.2   Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☑ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3   Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years ____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

**§ 2.4   Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5   [Intentionally omitted.]**

**§ 2.6   Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

| Part 3: | Treatment of Secured Claims |
|---|---|

**§ 3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

Debtor **James Riley Johnson, Jr.** Case number _____

§ 3.2  **Request for valuation of security and modification of certain undersecured claims.**

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

§ 3.3  **Secured claims to be paid in full.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Credit Acceptance | 2017 Dodge Ram 1500 140000 miles | Opened 02/24 | $18,764.00 | 10.50% | $685.00 | $685.00 |
| Foursight Capital, LLC. | 2017 Mazda CX9 148000 miles | Opened 04/23 | $24,365.00 | 10.50% | $685.00 | $685.00 |
| Lendmark Financial Services, LLC | 2011 Harley Street Glide 21000 miles | Opened 06/24 | $6,732.00 | 10.50% | $150.00 | $150.00 |
| Performance Finance | 2013 Harley Road King 8000 miles | Opened 09/22 | $9,077.00 | 10.50% | $200.00 | $200.00 |

§ 3.4  **Lien avoidance**.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5  **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s)

Debtor    **James Riley Johnson, Jr.**                    Case number

request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| Republic Finance | Household goods |

**§ 3.6    Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __9.00__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**Part 4:    Treatment of Fees and Priority Claims**

**§ 4.1    General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3    Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__5,000.00__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__340.00__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

Debtor **James Riley Johnson, Jr.** Case number _____

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4 Priority claims other than attorney's fees.

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | | |
| | | $ | $ |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue | $1,453.00 |
| IRS | $0.00 |

### Part 5: Treatment of Nonpriority Unsecured Claims

### § 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

### § 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### § 5.3 Other separately classified nonpriority unsecured claims.

*Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Debtor | James Riley Johnson, Jr. | Case number | |
|---|---|---|---|

### Part 6: Executory Contracts and Unexpired Leases

**§ 6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**§ 7.1** **Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

### Part 8: Nonstandard Plan Provisions

**§ 8.1** **Check "None" or List Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)***

**All student loans are in deferment and are expected to remain in deferment throughout the life of Debtor's Plan. Should they come due prior to the completion of this Plan, Debtor shall pay them directly as a long term debt and shall amend their schedules accordingly.**

### Part 9: Signatures:

**§ 9.1** **Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X **/s/ James Riley Johnson, Jr.**
**James Riley Johnson, Jr.**
Signature of debtor 1 executed on    4/21/2025

**1775 Old Hickory St**
**Decatur, GA 30032**
Address                City, State, ZIP code

X
Signature of debtor 2 executed on

Address                City, State, ZIP code

X **/s/**
**Celia R. Washington, GA Bar No. 044108**
Signature of attorney for debtor(s)

Date: 4/28/2025

**Clark & Washington, P.C.**
**3300 NE Expressway**
**Building 3**
**Atlanta, GA 30341**
**(404) 522-2222**
**(770) 220-0685 - fax**
Firm

Address                City, State, ZIP code

| Debtor | **James Riley Johnson, Jr.** | Case number | |
|---|---|---|---|

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 25-50114-jrs |
| | * | |
| James Riley Johnson, Jr. | * | CHAPTER 13 |
| | * | |
| Debtor. | * | |

## CERTIFICATE OF SERVICE

I certify that I served the following parties with a true copy of the attached "Amendment to Chapter 13 PLan" by placing the same in the United States Mail with adequate postage affixed to ensure delivery and addressed to:

James Riley Johnson, Jr.
1775 Old Hickory St
Decatur GA 30032

And, in the same manner, I served the parties listed in the attached matrix at the addresses indicated therein.

I further certify that Nancy J Whaley, the Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

DATE: 5/1/2025
/s/_____
Celia R. Washington, GA Bar No. 044108
Attorney for Debtors

Clark & Washington, PC
3300 Northeast Expressway
Building 3
Atlanta GA 30341
Phone: 404-522-2222
Fax:  770-220-0685
Email:  ecfnotices@cw13.com

```
Label Matrix for local noticing          (p)ADVANCE CASH                         Affirm, Inc.
113E-1                                   PO BOX 10                               Attn: Bankruptcy
Case 25-50114-jrs                        PARSHALL ND 58770-0010                  650 California St, Fl 12
Northern District of Georgia                                                     San Francisco, CA 94108-2716
Atlanta
Wed Apr 30 09:23:32 EDT 2025

Aidvantage on behalf of                  Ally Bank                               Bison Cash
Dept of Education                        AIS Portfolio Services, LLC             P.O.Box 654
PO Box 300001                            4515 N Santa Fe Ave. Dept. APS          Santa Ysabel, CA 92070-0654
Greenville Tx 75403-3001                 Oklahoma City, OK 73118-7901


Capital One                              E. L. Clark                             (p)CONTINENTAL FINANCE COMPANY
Attn: Bankruptcy                         Clark & Washington, LLC                 PO BOX 3220
Po Box 30285                             Bldg. 3                                 BUFFALO NY 14240-3220
Salt Lake City, UT 84130-0285            3300 Northeast Expwy.
                                         Atlanta, GA 30341-3932


Credit Acceptance                        Credit One Bank                         (p)CREDIT FRESH
Attn: Bankruptcy                         Attn: Bankruptcy Department             200 CONTINENTAL DRIVE SUITE 401
25505 West 12 Mile Road Ste 3000         6801 Cimarron Rd                        NEWARK DE 19713-4337
Southfield, MI 48034-8331                Las Vegas, NV 89113-2273


First Premier Bank                       Foursight Capital LLC                   Foursight Capital, LLC.
3820 N Louise Ave                        PO Box 45026                            Attn: Bankruptcy
Sioux Falls, SD 57107-0145               Salt Lake City, UT 84145-0026           Po Box 45026
                                                                                 Salt Lake City, UT 84145-0026


(p)GEORGIA DEPARTMENT OF REVENUE         IRS                                     (p)MCCALLA RAYMER LEIBERT PIERCE  LLC
COMPLIANCE DIVISION                      401 W. Peachtree St., NW                ATTN ATTN WENDY REISS
ARCS BANKRUPTCY                          Stop #334-D                             1544 OLD ALABAMA ROAD
1800 CENTURY BLVD NE SUITE 9100          Room 400                                ROSWELL GA 30076-2102
ATLANTA GA 30345-3206                    Atlanta, GA 30308


(p)JEFFERSON CAPITAL SYSTEMS LLC         James Riley Johnson Jr.                 LVNV Funding, LLC
PO BOX 7999                              1775 Old Hickory St                     Resurgent Capital Services
SAINT CLOUD MN 56302-7999                Decatur, GA 30032-4355                  PO Box 10587
                                                                                 Greenville, SC 29603-0587


(p)LENDMARK FINANCIAL SERVICES           Loon Lending LLC AKA Today Cash         Mariner Finance
2118 USHER ST                            C/O Weinstein & Riley, P.S.             Attn: Bankruptcy
COVINGTON GA 30014-2434                  749 GATEWAY, SUITE G-601                8211 Town Center Dr
                                         ABILENE, TX 79602-1196                  Nottingham, MD 21236-5904


Mariner Finance, LLC                     Minto Financial                         (p)MISSION LANE LLC
8211 Town Center Drive                   P.O.Box 58112                           PO BOX 105286
Nottingham, MD 21236-5904                Minto, AK 99758-0112                    ATLANTA GA 30348-5286


Navient                                  OneMain Financial Group, LLC            Onemain
Attn:  Bankruptcy                        PO Box 3251                             Po Box 1010
Po Box 9635                              Evansville, IN 47731-3251               Evansville, IN 47706-1010
Wilkes Barre, PA 18773-9635
```

```
(p)PORTFOLIO RECOVERY ASSOCIATES LLC      Performance Finance                        Performance Finance
PO BOX 41067                              10509 Professional Circle Ste 100          Attn: Bankruptcy
NORFOLK VA 23541-1067                     Reno, NV 89521-4883                        1515 West 22nd Street, Suite 100w
                                                                                     Oak Brook, IL 60523-2007


Plaza Services, LLC                       Premier Bankcard, LLC                      Quantum3 Group LLC as agent for
P.O. Box 1186                             Jefferson Capital Systems, LLC Assignee    Genesis FS Card Services Inc
P.O. Box 1186                             PO BOX 7999                                PO Box 788
Smyrna, GA 30081-1186                     SAINT CLOUD, MN 56302-7999                 Kirkland, WA  98083-0788


Quantum3 Group LLC as agent for           (p)REPUBLIC FINANCE LLC                    Scolopax, LLC
MOMA Trust LLC                            282 TOWER RD                               C/O Weinstein & Riley, P.S.
PO Box 788                                PONCHATOULA LA 70454-8318                  749 GATEWAY, SUITE G-601
Kirkland, WA  98083-0788                                                             ABILENE, TX 79602-1196


T Mobile/T-Mobile USA Inc                 Tea Olive, LLC                             Today Cash Loan
by AIS Infosource, LP as agent            PO BOX 1931                                P.O. Box 808
4515 N Santa Fe Ave                       Burlingame, CA 94011-1931                  Keshena, WI 54135-0808
Oklahoma City, OK 73118-7901


United States Attorney                    (p)UPROVA CREDIT  LLC                     Nancy J. Whaley
Northern District of Georgia              635 E. Highway 20, V                       Standing Chapter 13 Trustee
75 Ted Turner Drive SW, Suite 600         Upper Lake, CA 95485                       Suite 120, Truist Plaza Garden Offices
Atlanta GA 30303-3309                                                                303 Peachtree Center Avenue
                                                                                     Atlanta, GA 30303-1286



              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



Advance Cash                              Continental Finance Company                CreditFresh
P.O.Box 10                                Attn: Bankruptcy                           Attn: Bankruptcy Dept
Parshall, ND 58770                        4550 New Linden Hill Rd                    200 Continental Drive Suite 401
                                          Wilmington, DE 19808                       Newark, DE 19713


Georgia Department of Revenue             A. Michelle Hart Ippoliti                  Jefferson Capital Systems LLC
Compliance Division                       McCalla Raymer Leibert Pierce, LLC         Po Box 7999
ARCS Bankruptcy                           1544 Old Alabama Road                      Saint Cloud MN 56302-9617
1800 Century BLVD NE Suite 9100           Roswell, GA 30076
Atlanta, GA 30345-3202


Lendmark Financial Services, LLC          (d)Lendmark Financial Services, LLC.       Mission Lane LLC
Reg. Agent: C T Corporation System        2118 Usher Street NW                       Attn: Bankruptcy
289 S Culver Street                       Covington, GA 30014                        P.O. Box 105286
Lawrenceville, GA 30046-4805                                                         Atlanta, GA 30348


PORTFOLIO RECOVERY ASSOCIATES, LLC        Republic Finance                           (d)Republic Finance, LLC
POB 41067                                 Attn: Bankruptcy                           282 Tower Road
Norfolk, VA 23541                         7031 Commerce Circle                       Ponchatoula, LA 70454
                                          Baton Rouge, LA 70809
```

```
Uprova Credit LLC
635 E Hwy 20 V,
Upper Lake, CA 95485
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Nationstar Mortgage LLC            End of Label Matrix
                                      Mailable recipients    44
                                      Bypassed recipients     1
                                      Total                  45
```